UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE EVANS,

        Petitioner,        Case No. 4:03-cv-155

v.        Honorable Robert Holmes Bell

ANDREW JACKSON,

        Respondent.

_____/

**ORDER DENYING MOTION**
**TO SUPPLEMENT THE PETITION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter presently is before the Court on Petitioner's motion to supplement the petition (docket #94). Upon review, the motion will be denied.

A supplemental pleading is one that sets out a transaction or occurrence that took place after the initial pleading was filed. *See* FED. R. CIV. P. 15(d). A motion to supplement a complaint under Fed. R. Civ. P. 15(d) is properly addressed to the discretion of the trial court. *Allen v. Reynolds*, No. 89-6124, 1990 WL 12182, at * 2 (6th Cir. Feb. 13, 1990) (*citing Otis Clapp & Sons, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). While leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. *Planned Parenthood of Southern California v. Neeley*, 130 F.3d 400, 402 (9th Cir. 1997).

Although the proposed supplement purports to "clarify and amplify" grounds 1, 9, 10 and 17 of the petition, the supplement actually raises an entirely new ground for relief:

    THE TRIAL COURT ERRED IN ENHANCING THE PETITIONER'S SENTENCE
    WITH PRIOR CONVICTIONS DEEMED UNCONSTITUTIONAL IN LIGHT OF
    HALBERT V. MICHIGAN.

(*Id.*)  As a consequence, the motion more properly is considered a motion to amend under FED. R. CIV. P. 15(a), rather than a motion to supplement under Rule 15(d), because it does not raise an occurrence that took place afer the original petition was filed.

Rule 15(a) provides that a party may amend its pleadings by leave of court and that "leave [to amend] shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend:  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id* at 182.  If a claim would be properly dismissed, amendment to add the claim would be futile. *Thiokol Corp. v. Michigan Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).  In this instance, Plaintiff's motion to amend is properly denied because the amendment he proposes would be futile.

In *Halbert v. Michigan*, 545 U.S. 605 (2005), held that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Id.* at 609.  Petitioner argues that the rule in *Halbert* should be applied retroactively to the conviction challenged in the instant habeas petition, as well as to those prior convictions relied upon at sentencing for which Petitioner was not appointed appellate counsel.

In support of his argument, Petitioner cites *Simmons v. Kapture*, 474 F.3d 869 (6th Cir. 2007), in which a panel of the Sixth Circuit determined that the *Halbert* decision did not announce a "new rule" of criminal procedure as described by *Teague v. Lane*, 489 U.S. 288 (1988), and was therefore retroactive to a state prisoner seeking habeas review.  Under *Teague*, a "new rule" of criminal procedure does not apply retroactively to cases on collateral habeas review unless it falls under one of two exceptions.  The first exception permits retroactive application if the new rule

2

"decriminalize[d] a class of conduct [or] prohibit[ed] the imposition of capital punishment on a particular class of persons." *Saffle v. Parks,* 494 U.S. 484, 494-95 (1990). The second exception applies to "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 495 (citing *Teague,* 489 U.S. at 311). The *Simmons* panel concluded that the rule of *Halbert* was not new, but instead was dictated by *Douglas v. California*, 372 U.S. 353 (1963).

On May 15, 2007, the Sixth Circuit vacated the panel decision and granted rehearing en banc. In *Simmons v. Kapture*, __ F.3d __, 2008 WL 398300, at *1 (6th Cir. Feb. 15, 2008), the en banc court concluded that *Halbert* does not apply retroactively. The court held that "*Halbert* announced a 'new rule,' and that new rule neither decriminalizes a class of conduct nor is a 'watershed' rule." *Simmons,* 2008 WL 398300, at *1. Under *Simmons*, *Halbert* does not apply either to the conviction Petitioner challenges on habeas review or to prior convictions for which he did not receive court-appointed appellate counsel. Petitioner's proposed additional claim therefore is without merit. As a consequence, any amendment to the petition on this ground would be futile.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to supplement the petition (docket #94), construed as a motion to amend, is **DENIED** as futile.

DONE AND ORDERED this 18th day of March, 2008.

/s/  Joseph G. Scoville
United States Magistrate Judge