UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE EVANS,

        Petitioner,

                                                        File No. 4:03-cv-155

v.

                                                        HON. ROBERT HOLMES BELL

ANDREW JACKSON,

        Defendant.
                                        /

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION**

       This matter is before the Court on a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Lawrence Evans. (Dkt. No. 42.) On November 21, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 106.) On December 8, 2008, the Court granted Petitioner additional time until January 23, 2009, to file objections. Petitioner filed objections to the R&R on January 26 and 29, 2009. (Dkt. Nos. 109, 110.) On February 17, 2009, Petitioner also filed a request for consideration of newly discovered evidence. (Dkt. No. 111.) Finally, in his objections, Petitioner renews his request for appointment of counsel in this matter.

       This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

At the outset, the Court notes that it granted Petitioner over two months to file objections to the R&R, yet Petitioner filed his objections past the deadline set by the Court. Petitioner offers no explanation for these late filings. Failure to file timely objections to a report and recommendation operates as a waiver of a right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Gant v. Genco I, Inc.*, 274 F. App'x 429, 431 (6th Cir. 2008).

Even assuming that Petitioner's objections had been timely made, they are without merit. The R&R recommended denial of the habeas petition on the basis that (1) Petitioner failed to provide "clear and convincing evidence" that his guilty plea was made unknowingly or involuntarily, and (2) Petitioner's remaining claims were procedurally defaulted. Petitioner's objections primarily consist of unsupported conclusory statements and factual allegations that have little relevance to the issues considered by the Magistrate Judge. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Petitioner's "newly discovered evidence" is a state court opinion, *People v. Farley*, No. 278667, 2009 WL 30455 (Mich. App. Jan. 6, 2009). In *Farley*, the Michigan Court of Appeals found that the defendant was denied his right to assistance of counsel when the trial court judge made statements to the jury while the defendant and his counsel were not present.

*Id.* at *3-4. The case has no relevance to the validity of state-court pleas in general, or to Petitioner's plea in particular. Petitioner's motion for consideration of new evidence will be granted such that the Court will consider Petitioner's evidence; however, the "evidence" submitted by Petitioner does not alter the Court's conclusions. After review of the R&R and Petitioner's objections thereto, the Court concurs with the conclusions of the R&R.

Finally, the Court denies Petitioner's request to appoint counsel for the reasons stated in its order dated July 28, 2008. (Dkt. No. 102.) Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for consideration of newly discovered evidence (Dkt. No. 111) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 109, 110) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 106) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's request for appointment of counsel (Dkt. No. 110) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 42) is **DENIED**.

This closes the case.

Dated: March 17, 2009                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE